McCarthy-O'Keefe v. Local 295/851 IBT Employer Group Pension Trust Fund

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand sixteen.

**PRESENT:**
>           **JOHN M. WALKER, JR.,**
>           **GUIDO CALABRESI,**
>           **PETER W. HALL,**
>                     *Circuit Judges.*

_____

**Clare McCarthy-O'Keefe,**

>           *Plaintiff-Appellant*,

>           v.                                                              **15-907**

**Local 295/851 IBT Employer Group Pension**
**Trust Fund, (Savasta & Co), Local 295/851 IBT**
**Board of Trustee's, DHL Worldwide Express,**
**Incorporated,**

>           *Defendants-Appellees,*

**Local 295/851 – Union,**

>           *Defendant.*[1]

_____

---

1  The Clerk of Court is directed to amend the official caption as shown above.

**FOR PLAINTIFF-APPELLANT:** Clare McCarthy-O'Keefe, *pro se*, Lindenhurst, New York.

**FOR DEFENDANTS-APPELLEES:** Melissa D. Hill, Esq., Morgan, Lewis & Bockius LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Clare McCarthy-O'Keefe, proceeding *pro se*, appeals the district court's judgment dismissing her complaint brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), in which it granted summary judgment in favor of Local 295/851 IBT Employer Group Pension Trust Fund (the "Fund"), Local 295/851 Board of Trustees, and DHL Worldwide Express, Inc. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of orders granting summary judgment is *de novo*, and we focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In reviewing ERISA claims, district courts apply either a *de novo* or arbitrary and capricious standard of review based on an assessment of whether a plan gives an administrator discretion to determine eligibility. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 210 (2d Cir. 2015). If the district court engages in an arbitrary and capricious standard of review, the court's review is limited to the administrative

record.  *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).  Here, McCarthy-O'Keefe does not dispute that the Fund had the discretion to determine eligibility. Therefore, the arbitrary and capricious standard of review applied, and the district court properly denied her motion to supplement the administrative record.

A court may overturn a benefits decision as arbitrary and capricious when it is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  *Roganti*, 786 F.3d at 211.  The administrative record established sufficient evidence to support the Fund's denial of eligibility for fund participation retroactive to her date of hire, and the district court properly granted summary judgment.  We affirm for substantially the reasons stated by the district court in its thorough February 24, 2015 decision.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3